UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America, ex rel. Henry Roop,

        Plaintiff,

vs.

Hypoguard USA, Inc. and Medisys Group, PLC,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 07-1600 ADM/AJB

Jeffrey J. Lowe, Esq., Jeffrey J. Lowe, PC, St. Louis, MO, and Bernard E. Reynolds, Esq., Vogel Law Firm, Moorhead, MN, on behalf of the Plaintiff.

David M. Oppenheim, Esq., Wildman, Harrold, Allen & Dixon LLP, Chicago, IL, and Ryan W. Marth, Esq., Robins Kaplan Miller & Ciresi LLP, Minneapolis, MN, on behalf of the Defendants.

## I. INTRODUCTION

By Order dated September 24, 2007, [Docket No. 50], the undersigned United States District Judge granted Defendants Hypoguard USA, Inc. and Medisys Group, PLC's (collectively "Hypoguard") Motion to Dismiss [Docket No. 43]. On October 9, 2007, Plaintiff Henry Roop ("Roop"), filed a motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) to alter or amend the Court's judgment and to allow him leave to file an amended complaint. [Docket No. 52]. For the reasons set forth herein, Plaintiff's motion is denied.

## II. DISCUSSION[1]

Roop now asserts that under Rules 59(e) and 60(b), the Court must alter or amend its judgment granting Hypoguard's motion to dismiss. "Rule 59(e) motions serve the limited

---

[1] The facts of this case are set forth in the Court's Order dated September 24, 2007 [Docket No. 50].

function of correcting manifest errors of law or fact or present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks omitted). A Rule 59(e) motion is not a vehicle to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised before the Court entered judgment. Id. Similarly, a Rule 60(b) motion "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)," and is not to be used to simply reargue the merits of the case. Broadway v. Norris, 193 F.3d 987, 989-990 (8th Cir. 1999).

Roop has failed to identify any error of law or fact or any newly discovered evidence entitling him to relief under Rule 59(e). In support of his Rule 60(b) motion, Roop asserts he is entitled to relief under subsections 60(b)(1) (allowing the Court to provide relief in the event of "mistake, inadvertence, surprise, or excusable neglect") or 60(b)(6) (allowing the Court to provide relief for "any other reason justifying relief from the operation of the judgment"). As for Rule 60(b)(1), Roop has not identified any instance of mistake, inadvertence, surprise, or excusable neglect justifying relief from the Court's judgment. Roop argues he is entitled to relief from the Court's judgment under Rule 60(b)(6), and thus an opportunity to amend his complaint, simply because he has not received a ruling on the merits of his claim and because leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). That he did not receive a judgment on the merits of his claim is not a sufficient reason to entitle him to relief under Rule 60(b).[2] Roop's argument regarding Rule 15's policy for granting leave to

---

[2] Roop correctly cites MIF Realty LP v. Rochester Assocs., 92 F.3d 752, 755 (8th Cir. 1996) for the proposition that in deciding whether to award relief from judgment under Rule 60(b)(6) the Court should consider whether the litigant received a judgment on the merits. Because Rule 60(b) requires the Court to balance its interests in the finality of judgment with its interest in doing substantial justice, where the judgment was not reached after a full trial on the

amend is an attempt to reargue an issue already addressed by this Court and is not a proper basis for relief under Rule 60(b).  Roop has failed to present any reason why he is entitled to relief under Rule 59(e) or 60(b).

### III.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment and Motion for Leave to File a First Amended Complaint [Docket No. 52] is **DENIED**.

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 27, 2007.

---

merits, the equitable considerations weigh more towards reopening the case than if the judgment was based on a full trial.  See Id.  However, failure to reach the merits alone is not a sufficient basis for Rule 60(b) relief.  If such were the case, the Court's interest in the finality of judgment would be severely compromised.